# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Case Number: _____

|  |  |
|---|---|
| Albert Detloff, | : |
| Plaintiff, | : |
| vs. | : |
| Synchrony Bank, | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Albert Detloff, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Albert Detloff ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by 559.55(2).

5. The Defendant, Synchrony Bank ("Synchrony"), is a Utah business entity with an address of 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined by 559.55(3).

## FACTS

6. Beginning in or around January 2022, Synchrony called Plaintiff's cellular telephone, number 386-xxx-3108 in an attempt to collect an alleged debt.

7. Synchrony placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice.

8. When Plaintiff answered calls from Synchrony, he heard a prerecorded message and had to wait on the line to be connected to the next available representative or the call would be disconnected.

9. In or around January 2022, Plaintiff spoke with a live representative and expressed that he wanted the calls to cease by repeatedly stating that Synchrony was harassing him with automated calls.

10. In complete disregard of Plaintiff's cease request, Synchrony continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

11. Synchrony's actions caused Plaintiff a great deal of frustration, stress and anxiety.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq*.

12. The Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an automated or prerecorded voice.

14. When Plaintiff answered calls from Defendant, Plaintiff heard a prerecorded message before Defendant's telephone system would connect him to the next available representative.

15. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

21. The Plaintiff incorporates by reference Paragraphs 1 though 11 of this Complaint as though fully stated herein.

22. The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.77;

D. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77 against the Defendant;

E. Punitive damages pursuant to Fla. Stat. § 559.77; and

F. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 18, 2023

                                        Respectfully submitted,

By    */s/ Sergei Lemberg*
           Sergei Lemberg, Esq.
           Florida Bar No. 1026228
           Lemberg Law, LLC
           11555 Heron Bay Boulevard, Suite 200
           Coral Springs, FL 33076

Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com