**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| Albert Detloff,<br><br>Plaintiff,<br><br>vs.<br><br>Synchrony Bank,<br><br>Defendant. | :<br>:<br>:<br>:<br>: Case No.: 8:23-cv-01098<br>:<br>:<br>:<br>:<br>: |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Synchrony Bank hereby files its Answer in response to the Complaint filed by Plaintiff Albert Detloff  and states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785.

**RESPONSE:** The allegations in paragraph 1 consists of conclusions of law to which no response is required.  To the extent that a response is required, denied.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**RESPONSE:** The allegations in paragraph 2 constitute conclusions of law to which no response is required.  To the extent that a response is required, Synchrony lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**RESPONSE:** The allegations in paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits it conducts business within the state of Florida and within this District.

**PARTIES**

4. The Plaintiff, Albert Detloff ("Plaintiff'), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by 559.55(2).

**RESPONSE:** The allegations in paragraph 4 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

5. The Defendant, Synchrony Bank ("Synchrony"), is a Utah business entity with an address of 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined by 559.55(3).

**RESPONSE:** The allegations in paragraph 5 contain conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits it has its principal place of business at 170 West Election Road Suite 125, Draper, UT 84020.

## FACTS

6. Beginning in or around January 2022, Synchrony called Plaintiff's cellular telephone, number 386-xxx-3108 in an attempt to collect an alleged debt.

**RESPONSE:** Synchrony's investigation of the facts and circumstances surrounding this claim is ongoing, thus Synchrony lacks sufficient information or knowledge to admit or deny the allegations in this paragraph as pled and, on that basis, denies the allegations**.**

7. Synchrony placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice.

**RESPONSE:** Synchrony's investigation of the facts and circumstances surrounding this claim is ongoing, thus Synchrony lacks sufficient information or knowledge to admit or deny the allegations in this paragraph as pled and, on that basis, denies the allegations

8. When Plaintiff answered calls from Synchrony, he heard a prerecorded message and had to wait on the line to be connected to the next available representative or the call would be disconnected.

**RESPONSE:** Synchrony's investigation of the facts and circumstances surrounding this claim is ongoing, thus Synchrony lacks sufficient information or knowledge to admit or deny the allegations in this paragraph as pled and, on that basis, denies the allegations

9. In or around January 2022, Plaintiff spoke with a live representative and expressed that he wanted the calls to cease by repeatedly stating that Synchrony was harassing him with automated calls.

**RESPONSE:** Denied as pled.

10. In complete disregard of Plaintiff's cease request, Synchrony continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

**RESPONSE:** Denied.

11. Synchrony's actions caused Plaintiff a great deal of frustration, stress and anxiety.

**RESPONSE:** Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

## COUNT I

## VIOLATIONS OF THE TCPA — 47 U.S.C. 227, *et. seq.*

12. The Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully stated herein.

**RESPONSE:** Synchrony incorporates by reference Paragraphs 1-11 of its responses to Plaintiff's allegations.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an automated or prerecorded voice.

**RESPONSE:** Synchrony's investigation of the facts and circumstances surrounding this claim is ongoing, thus Synchrony lacks sufficient information or knowledge to admit or deny the allegations in this paragraph as pled and, on that basis, denies the allegations

14. When Plaintiff answered calls from Defendant, Plaintiff heard a prerecorded message before Defendant's telephone system would connect him to the next available representative.

**RESPONSE:** Synchrony's investigation of the facts and circumstances surrounding this claim is ongoing, thus Synchrony lacks sufficient information or knowledge to admit or deny the allegations in this paragraph as pled and, on that basis, denies the allegations.

15. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

**RESPONSE:** The allegations in paragraph 15 consists of conclusions of law to which no response is required. To the extent that a response is required, denied.

16. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

**RESPONSE:** Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

**RESPONSE:** Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**RESPONSE:** The allegations in paragraph 18 consists of conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**RESPONSE:** The allegations in paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**RESPONSE:** The allegations in paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

21. The Plaintiff incorporates by reference Paragraphs 1 through 11 of this Complaint as though fully stated herein.

**RESPONSE:** Synchrony incorporates by reference Paragraphs 1-11 of its responses to Plaintiff's allegations.

22. The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

**RESPONSE:** The allegations in paragraph 22 consists of conclusions of law to which no response is required. To the extent a response is required, denied

23. Plaintiff is entitled to damages as a result of Defendant's violations.

**RESPONSE:** Denied.

## SYNCHRONY'S DEFENSES

Synchrony hereby alleges the following separate and distinct defenses without conceding that it necessarily bears the burden of proof or persuasion.

## GENERAL DENIAL

Any allegations not specifically admitted herein are denied.

## FIRST DEFENSE

(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Synchrony.

## SECOND DEFENSE

(Consistent with Law and Applicable Regulations)

The Complaint and each claim set forth therein are barred because

Synchrony's conduct was consistent with all applicable laws and regulations.

**THIRD DEFENSE**

(Good Faith)

Plaintiff's claims are barred because Synchrony's conduct was at all times undertaken in good faith.

**FOURTH DEFENSE**

(Bona Fide Error (§ 559.77(3))

Any alleged acts or omissions of Synchrony that give rise to Plaintiff's claims are not intentional, and are the result of bona fide error despite the maintenance of reasonable procedures implemented by Synchrony to avoid such error.

**FIFTH DEFENSE**

(No Damages)

Plaintiff did not suffer any damages.

**SIXTH DEFENSE**

(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

**SEVENTH DEFENSE**

(Arbitration)

Some or all of Plaintiff's claim may be subject to arbitration in accordance

with the terms and conditions of the account, and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## EIGHTH DEFENSE

(Offset)

Plaintiff's damages, if any, are barred to the extent Synchrony is entitled to set-offs for amounts owed by Plaintiff to Synchrony.

## RESERVATION OF DEFENSES

Synchrony Bank expressly reserves the right to amend its Answer, Defenses, and Defenses and assert additional defenses and affirmative defenses which may become apparent in the course of this action as it obtains further information about the claims alleged in the Complaint.

WHEREFORE, Synchrony prays:

1. That Plaintiff takes nothing by way of the Complaint;

2. That Synchrony be awarded its costs of suit incurred herein;

3. That Synchrony be awarded attorneys' fees to the extent provided by law;

4. That judgment be entered in favor of Synchrony and against Plaintiff; and

5. That Synchrony be granted such other relief as the Court deems just and proper.

DATED this the 11th day of July, 2023.

*Maria Castro Sanchez*
Maria Castro Sanchez
Fla. Bar No. 0131908
mcastrosanchez@reedsmith.com
REED SMITH LLP
200 S. BISCAYNE BLVD, SUITE 2600
MIAMI, FL 33131
TELEPHONE: +1 786 747 0200
FACSIMILE: +1 786 747-0299
*Counsel for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

***/s/ Maria Castro Sanchez__________***
Maria Castro Sanchez, Esq.